IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO.  12-01684 (ESL)
                                          :
LUIS A. GONZALEZ DE JESUS                 :        CHAPTER 13
                                          :
                                          :
          Debtor                          :
_____:

OPINION AND ORDER

This case came before the court for a hearing on June 11, 2012 to consider the answer filed by petition preparer Mr. Valentín Valdés Ayala (Hereinafter "Valdes") (Dkt. # 15) to the order to show cause entered *sua sponte* by this court on March 26, 2012 (Dkt. #13). The court also scheduled a hearing on confirmation of Chapter 13 plan. On the same date the court considered three additional cases filed by petition preparer Mr. Valentin Valdés (Cases number 12-01840, 12-01842 and 12-01919). The court dismissed the petition for debtor's failure to appear at the 341 meeting of creditors, failure to file a Chapter 13 plan, failure to file schedules and failure to appear at the hearing on confirmation scheduled for June 11, 2012. 11 U.S. C. § 1307 (c) (1, 3, and 10). The court retained jurisdiction to determine if any sanctions should be imposed against Mr. Valdés. After considering all relevant facts, the court finds and concludes that sanctions are appropriate and imposes the same as detailed below.

A.  The order to show cause:

In order to provide the background leading the court to *sua sponte* enter an order to show case against Mr. Valdés, relevant parts of the order are summarized herein.

> This case is before the court upon the letter filed by petition preparer Mr. Valentin Valdés and/or "Tears in Prison, Inc." on March 8, 2012 (dkt. #7). The letter is in the nature of a motion. However, the factual basis, the legal support and the request to this court are either unintelligible or nonexistent. The only facts which this court can discern from the letter/motion are that the debtor filed a petition under chapter 13 on March 6, 2012, that the petition was filed unsigned by Mr. Luis González De Jesús, that there are documents pending to be filed and that the petition was filed by Mr. Valentin Valdés. The court also can infer that the petition preparer is requesting clemency for the debtor in order to avoid the dismissal of the case.
>
> The filing of such a defective letter/motion prompted this court to *sua sponte* review the documents filed in this case. The record

shows that a petition was filed under the name of Luis A. González De Jesús on March 6, 2012. The debtor's signature in the documents filed with the bankruptcy petition is not consistent. The signature in the petition, in Exhibit D to Official Form 1, in the Declaration in Official Form 6, in the verification of creditor matrix, and in the Official Form 19 are not the same. This inconsistency highlights the statement by the petition preparer that the petition was not signed by the debtor. It is also clear that Mr. Valentin Valdés and/or "Tears in Prison, Inc." acted as petition preparer for the debtor.

Section 110 of the Bankruptcy Reform Act of 1994, 11 U.S.C. 110, was intended to protect consumers and deter the unauthorized practice of law by non-lawyers who were advising and assisting debtors in filing petitions. King, 2 Collier on Bankruptcy, 15th edition rev'd, ¶ 110.01 at 110-5; In re Hartman, 208 B.R. 768, 776 (Bankr. D. Mass. 1997); In re Moore, 232 B.R. 1, 5 (Bankr. Me. 1999); In re Pavlis 264 B.R. 57 (Bankr. D.R.I. 2001). The statute allows petition preparers to go beyond mere typing services. Petition preparers may meet with the clients, type the documents, and review the documents before signing. In re Moran et als, 256 B.R. 842, 849 (Bankr. N.H. 2000).

Section 110 of the Bankruptcy Code sets standards and penalties for bankruptcy petition preparers. This court will not consider, at this time, the criminal counterpart to Section 110, that is, 18 U.S.C. §156, which makes it a misdemeanor for non-lawyer bankruptcy petition preparers to knowingly attempt to disregard the requirements of the Bankruptcy Code or Rules resulting in the dismissal of the petition. This court will not consider where Mr. Valdés fits in this spectrum of bankruptcy preparers. However, the following articles provide a good reference background. Hon. A. Jay Cristol, "The Non-Layer Provider of Bankruptcy Legal Services: Angel or Vulture ?" 2 Am. Bankr. Inst. L. Rev. 353 (1994), and Hon. Geraldine Mund, "Paralegals: The Good, The Bad and The Ugly", 2 Am. Bankr. Inst. L. Rev. 337 (1994).

Based on the above, the court concluded that " Mr. Valdés is a bankruptcy petition preparer as defined in 11 U.S.C. §110(a). The issues are whether Mr. Valdés has violated any of the provisions of section 110 and whether he should be enjoined from further acting as a bankruptcy petition preparer pursuant to § 110(j). There appear to be *prima facie* violations to § 110." and ordered as follows:

1. Mr. Valdés shall show cause within twenty-one (21) days why he should not be found to have violated § 110(d)(1) which provides that "[a] bankruptcy petition preparer shall, not later than the time at which a document for filing is presented for the debtor's signature, furnish to the debtor a copy of the document." Mr. Valdés is advised that " [a] bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause."

2. Mr. Valdés shall show cause within twenty-one (21) days why he should not be found to have violated § 110((e)(1) which provides that "[a] bankruptcy petition preparer shall not execute any document on behalf of a debtor." Mr. Valdés is advised that "[a] bankruptcy petition preparer may be fined not more than $500 for each document executed in violation of paragraph (1)."

3. Furthermore, Mr. Valdés shall show cause within twenty-one (21) days why he should not be sanctioned for engaging in the unauthorized practice of law by assisting and advising the debtor regarding the filing of the instant bankruptcy petition, including being enjoined from further acting as a bankruptcy petition preparer.

B. <u>Mr. Valdés' Answer</u>:

The written response by Mr. Valdés alleges that the Mr. Luis A. González De Jesus (Hereinafter "Debtor") signed all documents before "Irimer Alvarez Castro one of the Attorneys for Tears in Prison Inc. [sic]" while he was still in prison. Mr. Valdés denies having given any legal advise to the Debtor.

C. <u>Mr. Valdés at the hearing</u>:

Mr. Valdés displayed a cavalier attitude during the hearing when addressing Ms. Monsita Lecaroz, Assistant U. S. Trustee for the District of Puerto Rico, and asking her to be his interpreter because she has knowledge of all his cases and is the "woman" bothering him "every time." His apparent lack of fluency in the English language made it difficult to have a meaningful hearing. Mr. Valdés was not assisted by counsel. Mr. Valdés' conclusory statements merely accommodated his position. There was no evidence presented to the court.

D. <u>Discussion</u>:

In the order to show cause the court found that there were *prima facie* violations to § 110. However, Mr. Valdés failed to address with particularity the issues in the order to show cause and failed to meet his burden of showing cause that he has not violated § 110(d) and § 110(e)(1). There is no evidence in the record that the petition preparer furnished the Debtor with copies of documents submitted by the petition preparer on Debtor's behalf. Also, the very letter that prompted the court to enter the order to show cause is evidence that the petition preparer went beyond preparing a document for filing. Appearing before the court on behalf of the debtor through a letter/request constitutes the practice of law, and in this case, the unauthorized practice of law. The motion for clemency is tantamount to legal advise on Debtor's behalf. This conduct by Mr. Valdés is a clear

violation of § 110(e)(1), which provides that "[a] bankruptcy petition preparer shall not execute any document on behalf of a debtor."

Although Mr. Valdés failed to show cause why he should not be enjoined from further acting as a bankruptcy petition preparer, there was no evidence presented or request made by any party in interest in this case to such effect.  Notwithstanding, orders being entered on even date in cases number 12-0140 and 12-01242 do enjoin Mr. Valdés from further acting as a bankruptcy petition preparer.

CONCLUSION

In view of the foregoing the court fines Mr. Valdés in the amount of $500 for having violated §110(d), and an additional $500 for having violated § 110(e)(1).  Mr. Valdés shall pay the sanctions in the amount of $1,000 to the United States Trustee within twenty-one (21) days. 11 U.S.C. § 110(l)(4)(A).

SO ORDERED.

In San Juan, Puerto Rico, this 14th  day of September, 2012.

Enrique S. Lamoutte
United States Bankruptcy Court